UNITED STATES DISTRICT COURT
FOR THE Southern District of W-V-

**FILED**
JAN 1 9 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Anton R. Watson

    Plaintiff,           *

                              *  CIVIL NO. 5:16-CV-514

V.
Joe Coakley, Anthony Haynes, Lorretta
Lynch, Sally Q. Yates, Willis B. Hunt Jr.,
Kurt R. Erskine, Richard A. Grossman.*

    Defendant (s).    *


PETITION PURSUANT TO 28 U.S.C.
SECTION 1331


PETITIONER FILED IN THIS HONORABLE COURT FOR THE
Southern District of West Virginia
Beckley Division


BY PLAINTIFF: Anton R. Watson
Federal Registry #.
56397-019
F.C.I. Beckley
P.O. Box 350
Beaver, West Virginia.
25813

1331 Form

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT
UNDER 28 U.S.C.§ 1331

In the United States District Court

For the Southern District of W.V. Beckley, Division

Anton Raynard Watson

(Enter above the full name of the
plaintiff or plaintiffs in this
action)

v.

Joe Coakley, Warden for F.C.I. BECKLEY, Anthony Haynes, Warden for F.C.I. Jesup, Lorretta Lynch, U.S.A. Attny General, Sally Q. Yates, U.S.A. deputy Attny General, Willis B. Hunt. Jr., U.S. Chief Magistrate Judge, Kurt R. Erskine, Lead Attny., Richard A. Grossman, Esquire

(Enter the full name above of the
defendant or defendants in this
action).

I. Place of Present Confinement F.C.I. BECKLEY, Beaver, W.V.

II. Previous Lawsuits

   A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ✓ No _____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. 28:2255., 2. 28:2241., 3. 28:1983.

-2-

III. In order to proceed in federal court you must ordinarily fully exhaust your administrative remedies as to each ground on which you request action by the federal court.

   A. Did you fully exhaust, including appeals, your administrative remedies pursuant to the Bureau of Prisons Policy Statement 1330.07?        Yes ___✓___ No _____

   B. If your answer to A is yes,

   1. What steps did you take? I contacted the United States Attorney General in Washington D.C., about the issue at hand; I contacted the Chief Judge in charge of Georgia's Northern District of Atlanta Division about the issue at hand.
   2. What was the result? To my surprise I did not prevail on the issue. The Court did not even entertain my claim. The Court dismissed it with Prejudice.

   C. If your answer to A is no, why not?


IV. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

   A. Name of plaintiff  Anton Raynard Watson.

   _____

   _____


(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank. Use Item C for the names, positions, and place of employment of any additional defendants).

   B. Defendant  Willis B. Hunt Jr.  is employed as  Chief Magistrate of the United States District Court at the Richard B. Russell building in Atlanta Georgia.

   C. Additional Defendants  Joe Coakley (Warden) of F.C.I. Beckley, Loretta Lynch (U.S.A. Attorney General) in Washington D.C., Sally Q. Yates (U.S.A. deputy Attorney General) in Washington D.C., Anthony Haynes (Warden) of F.C.I. Jesup, Kurt R. Erskine (LEAD Attorney in this case). Case # 1:04-cr-00591-2 in the Northern District -3- of Atlanta Division. Richard A. Grossman (Esquire).

Special Note: This Lawsuit is brought against everyone that I brought the issues (or cause) to an failed to take action to mend or correct the situation appropiately which was to get rid of dna Q2 on record and all charges associated with it. See the following attachment (A.) for more details (Pg 3

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. Mental Cruelty / Sufferings.

4. Irreparable damages

2. Mental Anguish.

3. False persecution.

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1. Cruel / unusual Punishment by Law enforcement officer

2. Deliberate negligence by a Trial Judge of the United States of America.

3. Willful misuse of DNA Negatives by law enforcement officers.

4. Malice prosecution by an officer of the United States of America.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1. All my charges dropped

2. $10,000,000. dollars in Monetary for my injuries Mentally. Because my injuries Mentally will never go away because the parties involved worked in concert together against me with evidence that didn't link me and for not taking the necessary steps to fix it.

Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

—4—

Signed this __4th__ day of __January__, ~~19~~ __2016__.

__Anton R. Watson__

_____

(Signature of plaintiff or plaintiffs)

Executed at __(F.C.I. Beckley, Beaver, Raleigh)__

(Name of Institution, City, County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 4th, 2016__

(Date)

__Anton R. Watson__

_____

(Signature of plaintiff or plaintiffs)

-5-

<u>Include as attachments.</u>

Additional space for ground(s) 1 thru 4.

1. Cruel/unusual punishment by law enforcement officer.

<u>Supporting allegations</u>: The officers named in this complaint knowingly violated my Constitutional rights by imprisoning me on erroneous evidence and doing nothing about it. Thereby causing me extreme anguish both mentally and physically

2. Deliberate negligence by a Trial Judge of the united States of America.

<u>Supporting allegations</u>: The Judge named in this lawsuit violated my priviledge to confront my accussors by failing to acknow-ledge DNA exculpatory evidence that could have saved me alot of time and punishment in respect to my incarceration. Thereby causing me alot of mental pain and suffering mentally.

3. Willful misuse of DNA Negatives by law enforcement officers.

<u>Supporting allegations</u>: The Lead Attorney knowingly used DNA Q2 against me illegally to support his conviction and the rest of them went along with it or should have known that it was done illegal. Therefore causing me great pain psychologically and emotionally. <u>See</u>- pgs. 2 of 2. DNA Q2 (ATT. A).

4. Malice prosecution by an officer of the united States of America.

<u>Supporting allegations</u>: The defendants named in the law-suit knew in advance that the mask found in the van matched a female in advance and still used it against me. Therefore causing me irreparable damages psychologically/emotionally <u>See</u>. DNA Q2. on pages 3 of 4. August 8th, 2005. (ATT. B).

<u>See. Attachment. A. Pages 2 of 2.</u> For Cause to prosecute this Lawsuit.

rulings on the mask made by Kurt R. Erskine on August 15, 2005. (Grounds. 3.).

---

**ANTON R. WATSON, Petitioner, vs. ANTHONY HAYNES, Warden, Respondent.**
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, BRUNSWICK DIVISION
2010 U.S. Dist. LEXIS 33821
CIVIL ACTION NO.: CV209-149
April 5, 2010, Decided
April 6, 2010, Filed

---

**Editorial Information: Prior History**

Watson v. Haynes, 2010 U.S. Dist. LEXIS 33809 (S.D. Ga., Feb. 11, 2010)

**Counsel**  Anton R. Watson, Petitioner, Pro se, Jesup, GA.
For The United States of America, Respondent: James Christian Stuchell, LEAD ATTORNEY, U.S. Attorney's Office - Savannah, Savannah, GA.
For Warden Anthony Haynes, Respondent: James Christian Stuchell, U.S. Attorney's Office - Savannah, Savannah, GA.

**Judges:** HONORABLE LISA GODBEY WOOD, UNITED STATES DISTRICT JUDGE.

Opinion

**Opinion by:**    LISA GODBEY WOOD

Opinion

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Anton Watson ("Watson") asserts that the dismissal of his petition is improper based upon the Supreme Court's holding in Strickler v. Greene, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999), and the Eleventh Circuit's holding in Harris v. United States, 149 F.3d 1304 (1998).

Harris is inapplicable to Watson's petition. Harris concerned a case in which the trial court enhanced a petitioner's sentence without complying with the requirements of 21 U.S.C. § 851 (a)(1). 1 See generally Harris, 149 F.3d 1304. Watson's petition in no way relates to 21 U.S.C. § 851 or an improper enhancement of his sentence.

In Strickler, the Supreme Court held that, although the petitioner in the case had failed to demonstrate cause for raising a Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) claim, the Commonwealth of Virginia did not violate Brady by failing to disclose exculpatory evidence to the petitioner. See generally Strickler, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). Watson asserts that a Brady violation occurred with respect to DNA evidence he claims he did not receive until after his conviction. (Doc. No. 11, p. 3). The District court for the Northern District of Georgia stated in its Order denying Watson's § 2255 petition:

> The report from the FBI's DNA Analysis Unit I, which [Watson] claims as new evidence, is dated August 8, 2005, and, therefore, is not new at all, because it predated [Watson]'s plea hearing by

1ykcases                          1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

one week. [Watson] has not stated when he procured this report nor explained what efforts, if any, he made to do so earlier. Accordingly, [Watson]'s allegedly recent discovery of the report does not provide an alternate trigger for the federal limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 P 6(4). At a minimum, it does not appear that [Watson] exercised diligence in pursuit of the report. Moreover, as discussed below, the report does not support any of [Watson]'s § 2255 claims--to the contrary, it provides strong evidence of his guilt.Although the FBI report does not link [Watson] to the DNA on Item Q2 (the mask found in the van that the robbers used as their initial getaway vehicle), as the government stated during the plea hearing, it does identify [Watson] as the "major contributor" to the DNA on Item Q3 (the bandana found in the Lincoln town car, the getaway vehicle that the robbers used after abandoning the van). Accordingly, the report, newly discovered or not, does not demonstrate [Watson]'s actual innocence. . . .(N.D. Ga. CR104-591, Doc. No. 195, pp. 12-13). The holding in Strickler invalidates Plaintiffs claim that a Brady violation occurred when he did not receive DNA evidence prior to his guilty plea. Moreover, it appears that the DNA evidence **Watson** is concerned with was received prior to his hearing and is evidence of his guilt, rather than his innocence.

Neither Harris nor Strickler are retroactively applicable Supreme Court decisions establishing **Watson** was convicted for a nonexistent offense. Therefore, **Watson** has not met the requirements of S 2255's savings clause. Watson's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Watson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 5 day of April, 2010.

/s/ Lisa Godbey Wood

HONORABLE LISA GODBEY WOOD

UNITED STATES DISTRICT JUDGE

**Footnotes**

1

"No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence."

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

See. Attachment - B. Pages 3 of 4.

— rulings on the mask made by the FBI Labortory in Quantico, Virginia. 22135. on August 08, 2005. (Ground. 4.).

# FEDERAL BUREAU OF INVESTIGATION
## QUANTICO, VA 22135

Date: August 8, 2005

To: Atlanta
C-7
SA Brian P. Davis



Reference: Communications dated December 16, 2004 and June 29, 2005

Your No.:

Title: DENANDIS LAMARTE WATSON,
ALBERT ARNESS BROWN,
ANTON R. WATSON;
VICTIM - VARSITY JR.
COMMERCIAL INSTITUTIONS

Date specimens received: January 14, 2005 and July 6, 2005

The specimens listed below were received in the DNA Analysis Unit I under cover of communication dated December 16, 2004 (050114012 PF OO):

| | |
|---|---|
| Q1 | Steering wheel cover (1B2, #2, E03754925) |
| Q2 | Mask (1B2, #6, E03754925) |
| Q3 | Bandana (1B2, #1, E03754925) |
| Q7 - Q8 | Gloves (1B7, #2, E03754935) |
| Q9 | Hat (1B7, #2, E03754935) |
| Q10 | Sweat shirt (1B7, #4, E03754935) |
| Q11 | Sweatshirt (1B7, #5, E03754935) |
| Q12 | Jacket (1B7, #3, E03754935) |

Page 1 of 4

Q13             Jacket (1B7, #6, E03754935)

Q14 - Q15.2     Two pairs of gloves (1B7, #1, E03754935)

Q16             Sweat pants (1B7, #1, E03754935)

Q17             Shirt (1B7, #1, E03754935)

**The specimens listed below were received in the DNA Analysis Unit I under cover of communication dated June 29, 2005 (050706005 PF OO):**

K1              Buccal swabs from DENANDIS LARMARTE WATSON (1B10, E03753464)

K2              Saliva sample from DENANDIS LARMARTE WATSON (1B10, E03753464)

K3              Buccal swabs from ALBERT BROWN (1B11, E03753465)

K4              Saliva sample from ALBERT BROWN (1B11, E03753465)

K5              Buccal swabs from ANTON R. WATSON (1B12, E03753466)

K6              Saliva sample from ANTON R. WATSON (1B12, E03753466)

NE1             Buccal smear (1B10, E03753464)

NE2             Buccal smear (1B11, E03753465)

NE3             Buccal smear (1B12, E03753466)

This report contains the results of the DNA analyses. The results of additional FBI Laboratory examinations are the subjects of separate reports.

**Results of Examinations:**

Deoxyribonucleic acid (DNA) was isolated from specimens Q2, Q3, K1 (D.WATSON), K3 (BROWN), and K5 (A. WATSON) and subjected to DNA typing by the polymerase chain reaction (PCR) at the amelogenin sex typing locus, the nine (9) short tandem repeat (STR) loci of the AmpFℓSTR® Profiler Plus™ ID and the six (6) STR loci of the AmpFℓSTR® COfiler™ PCR Amplification Kits. The DNA typing results are detailed below.

AmpFℓSTR® Profiler Plus™ ID

| SPECIMEN | D3S1358 | vWA | FGA | D8S1179 | D21S11 | D18S51 | D5S818 | D13S317 | D7S820 |
|---|---|---|---|---|---|---|---|---|---|
| Q2 (major) | 16,16 | 16,17 | 21,24 | 13,14 | Inc. | Inc. | 12,12 | 11,11 | 9,10 |

Page 2 of 4
050114012 PF OO

AmpFℓSTR® Profiler Plus™ ID

| SPECIMEN | D3S1358 | vWA | FGA | D8S1179 | D21S11 | D18S51 | D5S818 | D13S317 | D7S820 |
|---|---|---|---|---|---|---|---|---|---|
| Q3 (major) | 16,16 | 15,16 | 20,25 | 14,15 | 29,30 | 15,19 | 8,12 | 11,12 | 9,10 |
| K1 | 16,16 | 16,17 | 23,25 | 13,13 | 28,29 | 15,15 | 8,10 | 12,12 | 10,11 |
| K3 | 15,17 | 14,16 | 21,24 | 11,15 | 30,31.2 | 16,19 | 12,13 | 11,12 | 10,11 |
| K5 | 16,16 | 15,16 | 20,25 | 14,15 | 29,30 | 15,19 | 8,12 | 11,12 | 9,10 |

AmpFℓSTR® COfiler™

| SPECIMEN | D3S1358 | D16S539 | TH01 | TPOX | CSF1PO | D7S820 |
|---|---|---|---|---|---|---|
| Q2 (major) | 16,16 | 11,12 | 7,9 | 10,12 | 10,12 | 9,10 |
| Q3 (major) | 16,16 | 11,12 | 6,7 | 8,8 | 10,13 | 9,10 |
| K1 | 16,16 | 9,11 | 7,9 | 8,9 | 7,12 | 10,11 |
| K3 | 15,17 | 9,11 | 7,8 | 6,8 | 9,12 | 10,11 |
| K5 | 16,16 | 11,12 | 6,7 | 8,8 | 10,13 | 9,10 |

Inc. = Inconclusive   Major = major contributor

Based on the typing results from the amelogenin locus (for sex determination), male DNA is present in the DNA obtained from specimens Q3, K1, K3, and K5. The amelogenin typing results from specimen Q2 are consistent with a mixture of male and female DNA.

The STR typing results for specimen Q3 indicate the presence of DNA from two or more individuals. Based on the STR typing results and to a reasonable degree of scientific certainty, the source of specimen K5 is the major contributor° of the DNA obtained from specimen Q3. The source of specimen K1 is excluded as a potential minor contributor to this mixture; however, the source of specimen K3 cannot be excluded as a potential contributor to the mixture detected in specimen Q3. Based on the STR typing results, the probability of selecting an unrelated individual at random from a general population who could be a potential minor contributor to the mixture of DNA detected in specimen Q3 is approximately 1 in 15,000 from the African American population, 1 in 88,000 from the Caucasian population, 1 in 65,000 from the Southeastern Hispanic population, and 1 in 43,000 from the Southwestern Hispanic population.

Based on the STR typing results, the sources of specimens K1, K3, and K5 are excluded as potential contributors to the mixture of DNA obtained from specimen Q2. The major contributor to this mixture is listed in the table above and is of female origin.




F.B.O.P
Anton R. Watson
Registry # 56391-019
Federal Correctional Institution - Beckley
P.O.B. 350
Beaver, W.V. 25813
Legal Mail

⇔56397-019⇔
Us District Court
300 Virginia ST E
Suite 7009
Charleston, WV 25301
United States