UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| ANTON R. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 5:16-00514 |
| | ) |
| JOE COAKLEY, Warden, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On January 19, 2016, Plaintiff, acting *pro se* and in confinement at FPC Beckley, filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL HISTORY

**A.    Criminal Action No. 1:04-00591:**

On November 30, 2005, Plaintiff was convicted in the Northern District of Georgia of one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a); one count of aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2; one count of conspiracy to possess firearms in furtherance of a robbery in violation of 18 U.S.C. § 924(n); one count of possession of a firearm during and in relation to robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; and one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g). United States v. Watson, 1:04-

cr-591 (N.D.Ga. Nov. 30, 2005), Document No. 101. On December 6, 2005, the District Court sentenced Plaintiff to 264 months imprisonment. Id., 101. Plaintiff did not file an appeal with Eleventh Circuit Court of Appeals.

**B.    Section 2255 Motions:**

On May 14, 2007, Plaintiff, acting *pro se*, filed in the Northern District of Georgia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 189. By Memorandum Opinion and Order entered on September 25, 2007, the District Court denied Plaintiff's Section 2255 Motion as time barred. Id., Document No. 195. In the alternative, the District Court considered and rejected Plaintiff's claim that DNA evidence concerning the robber's mask was "new evidence." Id. The District Court further determined that the evidence did not establish Plaintiff's actual innocence. Id.

On November 23, 2007, Plaintiff filed in the Northern District of Georgia a Motion to Set Aside Judgment. Id., Document No. 197. By Order entered on January 28, 2008, the District Court denied the above Motion. Id., Document No. 199.

**C.    Section 2241 Petitions:**

In 2009, Plaintiff filed in the Southern District of Georgia a Petition pursuant to 28 U.S.C. § 2241 challenging his convictions. Watson v. Haynes, 2010 WL 1375417 (S.D.Ga. Feb. 1, 2010). Specifically, Plaintiff argued that his convictions were unconstitutional and violated the Federal Rules of Criminal Procedure. Id. By Proposed Findings and Recommendation entered on February 11, 2010, United States Magistrate Judge James E. Graham recommended that Plaintiff's Section 2241 Petition be denied because Plaintiff could not satisfy the requirements of the savings clause. Id. By Opinion and Order entered on April 6, 2010, the District Court adopted Judge Graham's

recommendation and dismissed Plaintiff's Petition. <u>Watson v. Haynes</u>, 2010 WL 137573 (S.D.Ga. April 6, 2010).

On January 20, 2016, Plaintiff filed in the Northern District of Georgia a Petition pursuant to 28 U.S.C. § 2241 challenging his convictions and the length of his sentences. <u>Watson v. United States</u>, 2016 WL 5858711 (N.D.Ga. March 1, 2016). Specifically, Plaintiff again challenged his convictions based upon the same DNA evidence as challenged in his Section 2255 Motion. <u>Id.</u> By Proposed Findings and Recommendation entered on March 1, 2016, Magistrate Judge Janet F. King recommended that the Petition be dismissed for lack of jurisdiction. <u>Id.</u> On March 15, 2016, Plaintiff filed his Objections arguing that his guilty plea was coerced, that the evidence showed his innocent, and therefore, his sentence was illegal. <u>Id.</u> By Opinion and Order entered on October 4, 2016, the District Court adopted Judge King's recommendation and dismissed Plaintiff's Petition. <u>Watson v. United States</u>, 2016 WL 5792687 (N.D.Ga. Oct. 4, 2016). Plaintiff filed an appeal. By Order entered on June 5, 2017, the Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution. <u>Watson v. United States</u>, 2017 WL 4457612 (11th Cir. June 5, 2017).

**D.    Plaintiff's present filings.**

On January 19, 2016, Plaintiff, acting *pro se*, filed his Complaint in this matter claiming entitlement to relief pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiff names the following as Defendants: (1) Joe Coakley, Warden of FCI Beckley; (2) Anthony Haynes, Warden for FCI Jesup; (3) Loretta Lynch, United States Attorney General; (4) Sally Q.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Yates, United States Deputy Attorney General; (5) Willis B. Hunt, Jr., United States Chief Magistrate Judge; (6) Kurt R. Erskine, Lead Attorney; and (7) Richard A. Grossman, Attorney. (Id., p. 2.) First, Plaintiff alleges that the above Defendants have subjected him to cruel and unusual punishment "by imprisoning [him] on erroneous evidence and doing nothing about it . . . causing [him] extreme anguish both mentally and physically." (Id., p. 6.) Next, Plaintiff alleges that Judge Hunt "violated [Plaintiff's] privilege to confront [his] accusers by failing to acknowledge DNA exculpatory evidence that could have saved [Plaintiff] a lot of time and punishment in respect to [his] incarceration." (Id.) Third, Plaintiff alleges that Attorney Erskine "knowingly used DNA Q2 against [him] illegally to support the conviction and the rest of [the attorneys] went along with it or should have known that it was done illegally." (Id.) Finally, Plaintiff alleges that Defendants Lynch, Erskine, and Grossman engaged in malicious prosecution by knowingly using "a mask found in the van that matched a female and still used it against [him]." (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it

4

describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

### 1.    Lack of Personal Jurisdiction:

Plaintiff asserts claims against Defendants Haynes, Hunt, Erskine, and Grossman, who are not residents of the State of West Virginia. Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993); In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp., 124 F.3d at 627-28(citation omitted); also see York v. Property and Casualty Ins. Co. of Hartford, 2013 WL 5504435 (S.D.W.Va. Oct. 3, 2013)("the statutory inquiry mergers with the constitutional inquiry, and the two inquires essentially become one.) Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum

contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" In re Celotex Corp., 124 F.3d at 628(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provides the basis for the suit. Carefirst, 334 F.3d at 397. If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Plaintiff alleges that Defendant Haynes is employed as a Warden at FCI Jesup, which is located in Jesup, Georgia. Plaintiff alleges that Defendants Erskine and Grossman[2]are attorneys

---

[2]  The undersigned notes that prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associate with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009); *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991)(*quoting Imbler*, 424 U.S. at 430 - 431, 96 S.Ct. at 995)(Prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'")

employed by the United States Attorneys' Office in Georgia. Plaintiff alleges that Defendant Hunt

is employed as an United States Magistrate Judge in Georgia.[3] All of the allegations against these

Defendants occurred in Georgia. Plaintiff fails to allege any type of contact between the State of

West Virginia and the foregoing Defendants. Accordingly, Plaintiff's claims against Defendants

Haynes, Hunt, Erskine, and Grossman should be dismissed because this Court lacks personal

jurisdiction.

2.    **Claim Precluded by Heck**:

Plaintiff alleges that his constitutional rights were violated during the course of his criminal

prosecution in the Northern District of Georgia in United States v. Watson, 1:04-cr-591 (N.D.Ga.

Nov. 30, 2005). (Document No. 1.) Plaintiff essentially contends that he was improperly convicted

based upon erroneous DNA evidence and he was denied his constitutional right to confront his

accusers. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying the

invalidity of his convictions. Consequently, the undersigned finds that Plaintiff has failed to state

a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364,

129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the

rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

---

[3] To the extent Plaintiff is claiming that Judge Hunt violated his constitutional rights during the underlying criminal proceedings, the Court finds that Judge Hunt is entitled to judicial immunity as he was acting fully within his judicial capacity. *See Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976)(Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."); *Jackson v. Houck*, 181 Fed.Appx. 372 (4th Cir. 2006)(quoting *Mireles v. Waco*, 502 U.S. 9, 12-13, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991))(The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.").

7

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a §1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. §2254. A claim for damages bearing the relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding

that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging

unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have

implied the invalidity of conviction). Plaintiff did not appeal his convictions to the Eleventh

Circuit. Plaintiff, however, did file a Section 2255 Motion and Section 2241 Petitions challenging

the validity of his convictions. Plaintiff's Section 2255 Motion and Section 2241 Petitions,

however, were all denied. [4] The undersigned, therefore, finds that because Plaintiff has not

demonstrated that his criminal convictions or sentences have been invalidated, Plaintiff's Bivens

claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends

that Plaintiff's Complaint be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1), and remove this matter

from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

[4] The Northern District of Georgia specifically considered and rejected Plaintiff's Section 2255
claim based upon erroneous DNA evidence.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 12, 2018.

Omar J. Aboulhosn
United States Magistrate Judge